UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HILLARY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-3011 |
| | § | |
| MICHAEL ASTRUE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court are Plaintiff Hillary Brown ("Brown") and Defendant Michael J. Astrue's, Commissioner of the Social Security Administration ("Commissioner"), cross-motions for summary judgment. Brown appeals the determination of an Administrative Law Judge ("ALJ") that she is not entitled to receive Title II disability insurance benefits or Title XVI supplemental security income ("SSI") benefits. *See* 42 U.S.C. § 416(I), 423, 1382c(a)(3)(A). Having reviewed the pending motions, the submissions of the parties, the pleadings, the administrative record, and the applicable law, it is ordered that Brown's Motion for Summary Judgment (Doc. #12) is denied, the Commissioner's Motion for Summary Judgment (Doc. #13) is granted, and the Commissioner's decision denying benefits is affirmed.

## I.    *Background*

Brown filed an application for disability insurance benefits and supplemental security income with the Social Security Administration ("SSA") on December 21, 2004, claiming that he had been disabled and unable to work since November 1, 2002. (R. 25, 62-66). Brown alleges that he suffers from back, jaw, wrist, and left leg pain, as well as hepatitis C. (R. 30). After being denied benefits initially and on reconsideration (R. 35-47), on July 12, 2005, Brown requested an administrative hearing before an ALJ. (R. 25, 48).

A hearing was held on June 21, 2006, in Houston, Texas, at which time the ALJ heard testimony from Brown and Herman Litt, a vocational expert ("VE"). (R. 265-285). In a decision dated October 16, 2007, the ALJ denied Brown's application for benefits. (R. 25-33). On December 11, 2007, Brown appealed the ALJ's decision to the Appeals Council of the SSA's Office of Hearings and Appeals. (R.16). On August 18, 2008, the Appeals Council denied Brown's request to review the ALJ's determination. (R.4-6). This rendered the ALJ's opinion the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000). Brown filed this case on October 8, 2008, seeking judicial review of the Commissioner's denial of his claim for benefits. *See* Doc. #1.

## II.   *Analysis*

### A.   *Statutory Bases for Benefits*

SSI benefits are authorized by Title XVI of the Act and are funded by general tax revenues. *See* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100 (14th ed. 2001). The SSI Program is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. *See* 20 C.F.R. § 416.110. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). A claimant applying to the SSI program cannot receive payment for any period of disability predating the month in which he applies for benefits, no matter how long he has actually been disabled. *See Brown v. Apfel*, 192 F.3d 492, 495 n.1 (5th Cir. 1999); *see also* 20 C.F.R. § 416.335. The applicable regulation provides:

> When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application. If you file an application after the month you first meet all the other requirements for eligibility,

> we cannot pay you for the month in which your application is filed or any months
> before that month.

20 C.F.R. § 416.335.  Thus, the month following an application, here, January 2005, fixes the earliest date from which benefits can be paid.  Eligibility for SSI payments, however, is not dependent on insured status.  *See* 42 U.S.C. § 1382(a).

Social Security disability insurance benefits are authorized by Title II of the Act and are funded by Social Security taxes.  *See also* SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY HANDBOOK, § 2100.  The disability insurance program provides income to individuals who are forced into involuntary, premature retirement, provided they are both *insured* and *disabled*, regardless of indigence.  A claimant for disability insurance can collect benefits for up to twelve months of disability prior to the filing of an application.  *See* 20 C.F.R. §§ 404.131, 404.315; *Ortego v. Weinberger*, 516 F. 2d 1005, 1007 n.1 (5th Cir. 1975); *see also Perkins v. Chater*, 107 F.3d 1290, 1295 (7th Cir. 1997).  For purposes of Title II disability benefits, Brown was insured through June 30, 2008.  (R. 25).  Consequently, to be eligible for disability benefits, Brown must prove that he was disabled prior to that date.

While these are separate and distinct programs, applicants seeking benefits under either statutory provision must prove "disability" within the meaning of the Act, which defines disability in virtually identical language for both programs.  *See* 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a).  Under both provisions, disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A).  Moreover, the law and regulations governing the

determination of disability are the same for both disability insurance benefits and SSI. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995).

**B.**      ***Standard of Review***

**1.**      ***Summary Judgment***

The court may grant summary judgment under FED. R. CIV. P. 56(c) when the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact.  The burden of proof, however, rests with the movant to show that there is no evidence to support the nonmoving party's case.  If a reasonable jury could return a verdict for the nonmoving party, then a motion for summary judgment cannot be granted because there exists a genuine issue of fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

An issue of fact is "material" only if its resolution could affect the outcome of the case. *See Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 189 (5th Cir. 1991).  When deciding whether to grant a motion for summary judgment, the court shall draw all justifiable inferences in favor of the nonmoving party, and deny the motion if there is some evidence to support the nonmoving party's position.  *See McAllister v. Resolution Trust Corp.*, 201 F.3d 570, 574 (5th Cir. 2000).  If there are no issues of material fact, the court shall review any questions of law *de novo*. *See Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999).  Once the movant properly supports the motion, the burden shifts to the nonmoving party, who must present specific and supported material facts, of significant probative value, to preclude summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A. de C.V.*, 199 F.3d 796, 798 (5th Cir. 2000).

2. *__Administrative Determination__*

Judicial review of the Commissioner's denial of disability benefits is limited to whether the final decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence. *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Substantial evidence" means that the evidence must be enough to allow a reasonable mind to support the Commissioner's decision; it must be more than a mere scintilla and less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Masterson*, 309 F.3d at 272; *Brown*, 192 F.3d at 496.

When applying the substantial evidence standard on review, the court "scrutinize[s] the record to determine whether such evidence is present." *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citations omitted). If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *See Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). Alternatively, a finding of no substantial evidence is appropriate if no credible evidentiary choices or medical findings support the decision. *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). The court may not, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *See Masterson*, 309 F.3d at 272. In short, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id*.

C. *__ALJ's Determination__*

An ALJ must engage in a five-step sequential inquiry to determine whether the claimant is capable of performing "substantial gainful activity," or is, in fact, disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. An individual who does not have a "severe impairment" will not be found to be disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3.    An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.  *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4.    If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.  *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5.    If an individual's impairment precludes performance of his past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if any work can be performed.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

*Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); *accord Boyd*, 239 F.3d at 704-05.  The claimant has the burden to prove disability under the first four steps.  *See Myers*, 238 F.3d at 619.  If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing.  *See Masterson*, 309 F.3d at 272; *Greenspan*, 38 F.3d at 236.  If the Commissioner is able to verify that other work exists in significant numbers in the national economy that the claimant can perform in spite of his existing impairments, the burden shifts back to the claimant to prove that he cannot, in fact, perform the alternate work suggested.  *See Boyd*, 239 F.3d at 705.  A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis.  *See id*.

The mere presence of an impairment does not necessarily establish a disability.  *See Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992).  An individual claiming disability benefits under the Act has the burden to prove that he suffers from a disability as defined by the Act.  *See Newton*, 209 F.3d at 452; *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990); *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  A claimant is deemed disabled under the Act only if he demonstrates an "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001); *accord Newton*, 209 F.3d at 452; *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999); *Selders*, 914 F.2d at 618; *see also* 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is defined as work activity involving significant physical or mental abilities for pay or profit. *See Newton*, 209 F.3d at 452-53; *see also* 20 C.F.R. §§ 404.1572(a)-(b), 416.972.

A medically determinable "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *see also* 42 U.S.C. § 423(d)(3). "[A]n individual is 'under a disability, only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Greenspan*, 38 F.3d at 236 (quoting 42 U.S.C. § 423(d)(2)(A)). This is true regardless of whether such work exists in the immediate area in which the claimant resides, whether a specific job vacancy exists, or whether the claimant would be hired if he applied. *See Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981); *see also* 42 U.S.C. § 423(d)(2)(A). In the case at bar, when addressing the first four steps, the ALJ determined:

1.    The claimant meets the insured status requirements of the Social Security Act through June 30, 2008.

2.    The claimant has not engaged in substantial gainful activity since November 1, 2002, the alleged onset date (20 C.F.R. §§ 404.1520(b) and 404.1571 *et seq.* 416.920(b) and 416.971 *et seq.*).

3.      The claimant has the following severe impairment:  a history of left knee surgery and hepatitis C (20 C.F.R. § 404.1520(c) and 416.920(c)).

4.      The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.      After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work compromised by the need to alternate sitting and standing at will throughout the workday and the inability to climb or work at heights.

6.      The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565 and 416.965).

(R. 27, 29, 31).  As to the fifth step, the ALJ concluded:

7.      The claimant was born [in] June. . . 1959, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).

8.      The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9.      The claimant's skills do not readily transfer to jobs within his functional capacity.

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exists in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(d), and 416.966).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2002, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(R. 31-32).

This Court's inquiry is limited to a determination of whether there is substantial evidence in the record to support the ALJ's findings and whether the proper legal standards have been applied.  *See Masterson*, 309 F.3d at 272; *Watson*, 288 F.3d at 215; *Myers*, 238 F.3d at 619; *Newton*, 209 F.3d at 452; *Greenspan*, 38 F.3d at 236; *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).

To determine whether the decision to deny Brown's claim for disability benefits is supported by substantial evidence, the court weighs the following four factors: (1) the objective medical facts; (2) the diagnoses and opinions from treating and examining physicians; (3) the claimant's subjective evidence of pain and disability, and any corroboration by family and neighbors; and (4) the claimant's age, educational background, and work history.  *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)).  Any conflicts in the evidence are to be resolved by the ALJ and not the court.  *See Newton*, 209 F.3d at 452; *Brown*, 192 F.3d at 496; *Martinez*, 64 F.3d at 174; *Selders*, 914 F.2d at 617.

### D.   *Issues Presented*

Brown contends **that the decision of the ALJ is not supported by substantial evidence.  Specifically, Brown claims that the ALJ erred by: (1) improperly finding that Brown's cervical and lumbar complaints were not severe; (2) improperly evaluating Brown's residual functional capacity as sedentary and failing to consider medication side effects; and (3) failing to prove at step five that Brown could perform alternative jobs given the side effects from his medications.**  *See* Doc. #12.  The Commissioner disagrees with Brown's contentions, maintaining that the ALJ's decision is supported by substantial evidence.  *See* Doc. #13.

### E.   *Review of ALJ's Decision*

#### 1.   *Objective Medical Evidence and Opinions of Physicians*

When assessing a claim for disability benefits, "[i]n the third step, the medical evidence of the claimant's impairment is compared to a list of impairments presumed severe enough to preclude any gainful work."  *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990).  If the claimant is not

actually working and his impairments match or are equivalent to one of the listed impairments, he is presumed to be disabled and qualifies for benefits without further inquiry.  *See id.* at 532; *see also* 20 C.F.R. § 416.920(d).  When a claimant has multiple impairments, the Act requires the Commissioner to "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)(B); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).  The relevant regulations similarly provide:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 C.F.R. §§ 404.1523, 416.923; *see also Loza*, 219 F.3d at 393.  The medical findings of the combined impairments are compared to the listed impairment most similar to the claimant's most severe impairment.  *See Zebley*, 493 U.S. at 531.

The claimant has the burden to prove at step three that his impairment or combination of impairments is equivalent to or greater than a listed impairment.  *See id.* at 530-31; *Selders*, 914 F.2d at 619.  The listings describe a variety of physical and mental illnesses and abnormalities, and are typically categorized by the body system they affect.  *See Zebley*, 493 U.S. at 529-30.  Individual impairments are defined in terms of several specific medical signs, symptoms, or laboratory test results.  *See id.* at 530.  For a claimant to demonstrate that his disorder matches an Appendix 1 listing, it must meet *all* of the specified medical criteria.  *See id.*  An impairment, no

matter how severe, does not qualify if that impairment manifests only some of the specified criteria. *See id.*

For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is equivalent to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment. *See id.* at 531 (citing 20 C.F.R. § 416.926(a)). A claimant's disability is equivalent to a listed impairment if the medical findings are at least equal in severity and duration to the listed findings. *See* 20 C.F.R. §§ 404.1526(a), 416.926(a). The applicable regulations further provide:

> (1)(I)  If you have an impairment that is described in the Listing of Impairments in Appendix 1 of Subpart P of this chapter, but—
>
> (A)  You do not exhibit one or more of the medical findings specified in the particular listing, or
>
> (B)  You exhibit all of the medical findings, but one or more of the findings is not as severe as specified in the listing;
>
> (ii)  We will nevertheless find that your impairment is medically equivalent to that listing if you have other medical findings related to your impairment that are at least of equal medical significance.

20 C.F.R. §§ 404.1526(a), 416.926(a). Nonetheless, "[a] claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Zebley*, 493 U.S. at 531. Ultimately, the question of equivalence is an issue reserved for the Commissioner. *See Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993); 20 C.F.R. §§ 404.1527(e), 416.927(e).

A review of the medical records submitted in connection with Brown's administrative hearing reveals a history of lower back pain since 2000 and pain in his left knee since November 2004. (R. 111).

In July 2002, Brown reported to the Harris County Hospital emergency room, complaining he had been assaulted and hit with a brick in his face.  (R. 160-177).  In November 2004, Brown had laproscopy surgery on his left knee. (R. 107-109).

In February 2005, Manoj B. Vakil, M.D. ("Dr. Vakil") examined Brown, finding that he a full range of motion of both knees, a normal gait, and no neurological deficits.  (R 112).  Brown reported to Dr. Vakil that he was able to lift up to 20 pounds, but he used to lift 75 pounds. (R. 111).    In March 2005, a State Agency physician determined in a physical residual functional capacity assessment that Brown could lift and carry 25 pounds frequently and 50 pounds occasionally, stand and/or walk about 6 hours of an 8 hour workday, sit about 6 hours of a workday, and climb, balance, stoop, kneel, crouch, and crawl without limitations.  (R. 114-121).

An examination on April 25, 2005, at Harris County Hospital District revealed a normal gait, a normal grip, and no atrophy.  (R. 155).  Brown was diagnosed with musculoskeletal pain and prescribed medications.  (R. 152-153).  The treatment notes reflect that Brown was "interested in disability" and looking "for disability paperwork."  (R. 153-154).

In July 2005, Brown was diagnosed with hepatitis C.  (R. 129, 136).  Laboratory findings indicated elevated liver function.  (R. 138, 207, 209).  An examination in July 2007, revealed no significant acute findings; Brown was referred to the hepatitis C clinic.  (R. 255).

In December 2006, while incarcerated, infirmary records noted suspicion for tuberculosis.  (R. 215-217).  Treatment notes reflect that Brown completed a forty-two day TB medicine regimen while incarcerated.  (R. 195).

In July 2007, an x-ray of Brown's cervical spine revealed mild disc space narrowing and spur formation at the C4-5 and C5-6 levels.  (R. 258).  Treatment notes from this time period

revealed a slight decrease (4/5) muscle strength in the right upper extremity and normal muscle strength in other muscles with no gross sensory deficits, and that Brown ambulated well.  (R. 255-256).  It was noted that Brown complained of significant pain; however, he was not taking any pain medication at that time.  (R. 257).

"[O]rdinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan*, 38 F.3d at 237; *accord Myers*, 238 F.3d at 621; *Loza*, 219 F.3d at 395; *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).  The opinion of a specialist generally is accorded greater weight *than* that of a non-specialist.  *See Newton*, 209 F.3d at 455; *Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994), *overruled on other grounds by Sims v. Apfel*, 530 U.S. 103, 108 (2000).  Medical opinions are given deference, however, only if those opinions are shown to be more than conclusory and supported by clinical and laboratory findings.  *See Scott*, 770 F.2d at 485.  Moreover, a treating physician's opinions are far from conclusive and may be assigned little or no weight when good cause is shown.  *See Myers*, 238 F.3d at 621; *Loza*, 219 F.3d at 395; *Greenspan*, 38 F.3d at 237.  Good cause may permit an ALJ to discount the weight of a treating physician's opinion in favor of other experts when the treating physician's evidence is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence.  *See Myers*, 238 F.3d at 621; *Newton*, 209 F.3d at 456; *see also Brown*, 192 F.3d at 500; *Greenspan*, 38 F.3d at 237; *Paul*, 29 F.3d at 211.  It is well settled that even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status.  *See Paul*, 29 F.3d at 211; *accord Myers*, 238 F.3d at 621; *Newton*, 209 F.3d at 455.

Here, Brown contends the ALJ failed to follow the "slight abnormality" standard in his finding that Brown's cervical and lumbar back pain did not constitute a "severe" impairment. *See* Doc. #12, at pp. 6-8. Brown argues that sufficient record evidence exists that his pain has more than a "minimal" effect on Brown's ability to perform work-related tasks. *See id.* Additionally, Brown asserts that the ALJ's failure to include Brown's back disorder in his list of severe impairments at step-two resulted in harmful error because it was omitted from consideration at steps three and four. *See id.*

Contrary to Brown's contentions, substantial evidence supports the ALJ's step two finding—*i.e.*, that Brown's occasional neck and back complaints were not severe. The ALJ concluded that the evidence did not support that Brown had a back impairment that imposed more than a slight limitation on his ability to perform work related activities. (R. 30). As set forth above, Brown sporadically sought medical care for back or neck complaints. Indeed, from April 1, 2002, Brown's alleged onset date, through October 16, 2007, the date of the ALJ's decision, the record reveals that Brown sought medical care for back or neck complaints on only three occasions: February 2005, April 2005, and July 2007. (R. 111-112, 152-154, 255-257). Thus, there were two spans of over two years that he made no complaints of neck and back pain (April 2002 to February 2005 and April 2005 to July 2007).

Moreover, the medical evidence from Brown's occasional doctor visits demonstrates that Brown did not exhibit clinical signs or symptoms which would support his claims of an impairment due to disabling neck and back pain. (R. 111-113, 152-155, 255-256). Brown did not take medication other than non-prescription ibuprofen, which he reported relieved his pain. (R. 111, 255). The lack of a need for an inordinate amount of pain medication is relevant. *See Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). Furthermore, when an impairment is

controlled with medicine, it cannot be considered disabling.  *See James v. Bowen*, 793 F.2d 702,

706 (5th Cir. 1986).  Finally, Brown's self-report to Dr. Vakil that he could life 20 to 25 pounds

exceeds the ALJ's RFC assessment.  (R. 31, 111).

Taking into consideration the record evidence, the ALJ properly determined that Brown's

back and neck complaints did not impose more than a slight limitation on his ability to perform

basic work related activities.  *See Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

Consequently, Brown's claims that the ALJ erred in his step two finding are without merit.

### 2. *Subjective Complaints*

The law requires the ALJ to make affirmative findings regarding a claimant's subjective

complaints.  *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (citing *Scharlow v.

Schweiker*, 655 F.2d 645, 648-49 (5th Cir. 1981)).  When a plaintiff alleges disability resulting

from pain, he must establish a medically determinable impairment that is capable of producing

disabling pain.  *See Ripley*, 67 F.3d at 556 (citing 20 C.F.R. § 404.1529).  Once a medical

impairment is established, the subjective complaints of pain must be considered along with the

medical evidence in determining the individual's work capacity.  *See id.*  It is well settled that an

ALJ's credibility findings on a claimant's subjective complaints are entitled to deference.  *See

Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Scott v. Shalala*, 30 F.3d 33, 35 n.2

(5th Cir. 1994); *Falco*, 27 F.3d at 164; *Wren*, 925 F.2d at 128.  The Fifth Circuit recognizes that

"the ALJ is best positioned" to make these determinations because of the opportunity to observe

the claimant first-hand.  *See Falco*, 27 F.3d at 164 n.18.  Moreover, "[t]he Act, regulations and

case law mandate that the Secretary require that subjective complaints be corroborated, at least in

part, by objective medical findings."  *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988) (citing

42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529; *Owens v. Heckler*, 770 F.2d 1276, 1281-82 (5th

Cir. 1985)); *accord Chambliss*, 269 F.3d at 522 (citing *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989)); *Hampton v. Bowen*, 785 F.2d 1308, 1309 (5th Cir. 1986).

As a matter of law, the mere fact that working may cause a claimant pain or discomfort does not mandate a finding of disability.  *See Hames*, 707 F.2d at 166; *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *accord Brown v. Bowen*, 794 F.2d 703, 707 (D.C. Cir. 1986). Additionally, the mere existence of pain does not automatically bring a finding of disability. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989); *Owens*, 770 F.2d at 1281.   It must be determined whether substantial evidence indicates an applicant can work despite being in pain or discomfort.  *See Chambliss*, 269 F.3d at 522; *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985).

For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment."  *Chambliss*, 269 F.3d at 522; *Falco*, 27 F.3d at 163; *Wren*, 925 F.2d at 128.   The decision arising from the ALJ's discretion to determine whether pain is disabling is entitled to considerable deference.  *See Chambliss*, 269 F.3d at 522; *Wren*, 925 F.2d at 128; *James*, 793 F.2d at 706.   However, an ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record.  *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren*, 925 F.2d at 128 (citation omitted)).

At the administrative hearing, Brown testified regarding his complaints of pain.  (R.280-282).  The ALJ's decision indicates that the ALJ did consider objective and subjective indicators related to the severity of Brown's pain.  (R. 30-31).  The ALJ properly found that the treating notes are silent with respect to adverse side effects from medication.  (R. 31).  Additionally, as set forth above, the objective medical records lend support to the ALJ's finding that the intensity, persistence, and limiting effects of Brown's symptoms of pain were not entirely credible.  (R. 31,

111-113, 152-155, 255-256).    Indeed, Brown sought very little medical care concerning complaints of pain during the relevant time.   The frequency of treatment may be properly considered in evaluating the severity of alleged pain.   *See Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987).  Here, the ALJ properly discounted Brown's subjective complaints because his alleged symptoms are not consistent with the objective medical evidence.   *See Vaughan v. Shalala*, 58 F.3d 129, 131 (5th Cir. 1995).  As such, the ALJ's determination regarding Brown's credibility and pain level is supported by substantial evidence.

### 3.    *Residual Functional Capacity*

Under the Act, a person is considered disabled:

. . . only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . .

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner bears the burden of proving that a claimant's functional capacity, age, education, and work experience allow him to perform work in the national economy.   *See Brown v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *see also Masterson*, 309 F.3d at 272; *Watson*, 288 F.3d at 216; *Myers*, 238 F.3d at 619; *Greenspan*, 38 F.3d at 236.   If the Commissioner fulfills this burden by pointing out potential alternative employment, the claimant, in order to prevail, must prove that he cannot perform the alternate work suggested.   *See Masterson*, 309 F.3d at 272; *Boyd*, 239 F.3d at 705; *Shave*, 238 F.3d at 594; *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

To determine whether a claimant can return to a former job, the claimant's "residual functional capacity" must be assessed.   *See Moore v. Sullivan*, 895 F.2d 1065, 1068 (5th Cir. 1990); *see also* 20 C.F.R. § 404.1545.  This term of art merely represents an individual's ability

to perform activities despite the limitations imposed by an impairment. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990); *see also* 20 C.F.R. § 404.1545. Residual functional capacity combines a medical assessment with the descriptions by physicians, the claimant or others of any limitations on the claimant's ability to work. *See Elzy v. Railroad Retirement Bd.*, 782 F.2d 1223, 1225 (5th Cir. 1986); *see also* 20 C.F.R. § 404.1545. When a claimant's residual functional capacity is not sufficient to permit him to continue his former work, then his age, education, and work experience must be considered in evaluating whether he is capable of performing any other work. *See Boyd*, 239 F.3d at 705; 20 C.F.R. § 404.1520. The testimony of a vocational expert is valuable in this regard, as he "is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *accord Carey*, 230 F.3d at 145; *see also Vaughan*, 58 F.3d at 132.

In evaluating a claimant's residual functional capacity, the Fifth Circuit has looked to SSA rulings ("SSR"). *See Myers*, 238 F.3d at 620. The Social Security Administration's rulings are not binding on this court, but they may be consulted when the statute at issue provides little guidance. *See id*. In *Myers*, the Fifth Circuit relied on SSRs addressing residual functional capacity and exertional capacity. *See id*. In that case, the court explained:

> First, SSR 96-8p provides that a residual functional capacity (RFC) is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule. The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work. . . .  RFC involves both exertional and non-exertional factors. Exertional capacity involves seven strength demands:  sitting, standing, walking, lifting, carrying, pushing, and pulling. Each function must be considered separately. In assessing RFC, the adjudicator must

> discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis. . . .   The RFC assessment must include a resolution of any inconsistencies in the evidence.

*Id.* (internal citations omitted); *see* 61 Fed. Reg. 34474-01 (July 2, 1996).   The court further commented:

> Second, SSR 96-9p also provides that initially, the RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to perform work-related activities. . . .   The impact of an RFC for less than a full range of sedentary work is especially critical for individuals who have not yet attained age 50.   Since age, education, and work experience are not usually significant factors in limiting the ability of individuals under age 50 to make an adjustment to other work, the conclusion whether such individuals who are limited to less than the full range of sedentary work are disabled will depend primarily on the nature and extent of their functional limitations or restrictions.

*Id.* (internal citations omitted); *see* 61 Fed. Reg. 34478 (July 2, 1996).   The court also noted that SSR 96-9p defines "exertional capacity" as the aforementioned seven strength demands and requires that the individual's capacity to do them on a regular continuing basis be stated.   *See id*. To determine that a claimant can do a given type of work, the ALJ must find that the claimant can meet the job's exertional requirements on a sustained basis.   *See Carter v. Heckler*, 712 F.2d 137, 142 (5th Cir. 1983) (citing *Dubose v. Matthews*, 545 F.2d 975, 977-78 (5th Cir. 1977)).

In the case at bar, Brown argues that he would be unable to engage in work on a sustained basis and his RFC is limited to "less than sedentary."   *See* Doc. #12, a pp. 10-11. According to Brown, the ALJ improperly rejected "[t]reating physicians' records document that [Brown] cannot walk, sit, or stand for any prolonged period."   *See id*., at p. 10.   As an initial matter, neither Brown provides nor does the record reveal doctors' opinions in this regard. Further, there is no requirement that the ALJ make a specific finding about a claimant's ability to maintain work.   *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003).   The term RFC is an

assessment of an individual's ability to do sustained work activity on a regular and continuing basis.  *See* 20 C.F.R.§§ 404.1545, 416.945.  As such, Brown's contention is without merit.

In any event, the ALJ's finding that Brown retained the RFC for light work with limitations (*i.e.*, alternating sitting and standing at will and no climbing or working at restricted heights) is supported by substantial evidence.  (R. 31).  Indeed, with respect to Brown's left knee pain, the ALJ noted that examination in February and April 2005 showed that Brown had a full range of lower extremity motion and a normal gait.  (R. 29, 112, 155).  The record is silent as to any knee complaints after April 2005.  Additionally, the ALJ evaluated Brown's diagnosis of hepatitis C.  (R. 28-29).  The medical evidence of record reveals no significant acute findings or any active manifestations of hepatitis C.  (R. 129, 136, 138, 255).  Similarly, although Brown alleged disability due to problems with his wrist, an examination revealed normal grip.  (R. 155). Thus, the medical evidence is consistent with the ALJ's RFC finding that Brown could perform light work with limitations.  (R. 31).

Next, Brown complains that the ALJ failed to properly consider the effect of medications on his ability to perform work activities.  Brown's argument is specious.  The ALJ specifically noted that the treating notes from the medical records did not contain any evidence that Brown complained of medication side effects.   (R. 231).   In fact, at most of Brown's doctor appointments, Brown reported that he was not taking any medication except non-prescription ibuprofen, as needed.  (R. 111, 129, 135, 139, 154, 158, 173, 257).  It was noted, however, in Harris County Hospital records, however, that Brown altered a prescription for pain medication and the pharmacy refused to fill the altered prescription.  (R. 162).  This further erodes Brown's credibility.

In sum, after determining that Brown could not return to his past relevant work, the ALJ evaluated whether there were other jobs in the national economy that Brown could perform.  (R. 31).  In response to the ALJ's hypothetical question based upon the RFC finding, the vocational expert, testified that Brown could perform jobs including a small products assembler, an electronics worker, and a touch up painter.  (R. 32, 283).  Based upon the VE's testimony, the ALJ found that a significant number of jobs existed that Brown could perform.  (R. 32).  Brown offers no contradictory evidence.  "Where the claimant offers no evidence contrary to the vocational expert's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis."  *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005).

**III.**   *Conclusion*

In sum, the record provides substantial evidence supporting the Commissioner's decision that Brown is not disabled.  It is therefore

**ORDERED** that Brown's Motion for Summary Judgment (Doc. #12) is **DENIED**.  It is further

**ORDERED** that Commissioner's Motion for Summary Judgment (Doc. #13) is **GRANTED**.  It is further

**ORDERED** that the Commissioner's decision denying disability benefits is **AFFIRMED**.  Finally, it is

**ORDERED** that this matter is **DISMISSED** from the dockets of this Court.

SIGNED at Houston, Texas this 16th day of March, 2010.

Kenneth M. Hoyt
United States District Judge